BILL BAKER V. THE STATE.

No. 10880.   Delivered May 11, 1927.

Rehearing denied June 15, 1927.

1.—Assault to Murder—Impeaching Defendant—Other Offenses—Not 'Too Remote.

The state was permitted on cross-examination to prove by appellant that he had been indicted in Guadalupe County, six years prior to the trial of his case, for theft of a mule and of property over the value of fifty dollars.   This proof was objected to by appellant on the ground that it was too remote.   We cannot agree with this contention.   See Bibb v. State, 86 Tex. Crim. Rep. 118 and Couch v. State, 103 Tex. Crim. Rep. 188. ·

ON REHEARING.

2.—Same—No Error Shown.

Our decision of the admissibility of evidence of appellant having been formerly indicted for felonies, as set out in the original opinion, cannot be rescinded, and appellant's motion for a new trial is overruled.

Appeal from the District Court of Guadalupe County. Tried below before the Hon. Lester Holt, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*P. E. Campbell* and *Dibrell & Mosheim,* for appellant.

On remoteness of indictment for other offenses, appellant cites: Vick v. State, 159 S. W. 57; Oats v. State, 77 S. W. 456; Ware v. State, 92 S. W. 1093; Winn v. State, 113 S. W. 918; Hanks v. State, 117 S. W. 150; Wesley v. State, 85 S. W. 802; White v. State, 122 S. W. 391; Brown v. State, 120 S. W. 444 and Bogus v. State, 114 S. W. 823.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—Appellant was convicted for the offense of assault with intent to murder, and his punishment assessed at two years in the penitentiary.

The appellant and the injured party, John Wright, met in a small storehouse, or drinkstand, in Gander Slough, in Guadalupe County. When the injured party stepped into the store the appellant and some other parties were quarreling, and appellant and Wright had some words, and the shooting followed. Wright was unarmed. Appellant shot him several times—once in the ear, once in the shoulder blade, one shot passing between the jugular vein and the neck bone, and once in the chest.

The appellant defended on the ground of self-defense. Appellant testified that Wright was drunk; that Wright blew smoke in appellant's face; that appellant was trying to get away from Wright, and Wright advanced upon appellant and struck him, causing his nose to bleed, and inflicting other bruises on his face. Appellant testified that he knew Wright was a dangerous man when he was drinking; that he was afraid of him. (See opinion on former appeal of this case in 280 S. W. 781.)

The learned trial judge submitted the law of self-defense and also charged on aggravated assault. No exceptions were made to the court's charge.

There are but two bills of exception in the record; both of which complain that the state, over appellant's objection, was permitted to prove by appellant, on cross-examination, that he

had been indicted by a grand jury of Guadalupe County in November, 1920 (six years prior to the trial of the instant case), for the theft of a mule and for theft of property over the value of fifty dollars. Appellant objected to this testimony on the ground same was too remote, and further because said testimony was extraneous matter, and had no bearing whatever upon the issues before the jury, and was irrelevant and immaterial.

We do not think that these exceptions are well taken. The testimony complained of was admissible as effecting the credibility of the appellant. We do not think the testimony too remote. The question has often been passed on by this court. For a full and able discussion of the matter complained of in these two bills, reference is made to Bibb v. State, 86 Tex. Crim. Rep. 118 and Couch v. State, 103 Tex. Crim. Rep. 188, 279 S. W. 821.

The facts are sufficient to support the verdict. There being no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., not sitting.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—If we comprehend appellant's contention in his motion for rehearing it is that the evidence before the jury was on such close lines as that the introduction of the fact that appellant had been charged with a felony some six years prior to his trial in the instant case, might have turned the scales against him in the estimation of the jury, it being contended in the motion that appellant was wrongfully charged with the offense inquired about. There is nothing in either of the bills of exception which complain of the introduction of this testimony, shedding light upon the manner or cause of appellant's indictment for the crimes inquired about. It is shown in the bills that the cases against him were dismissed. We regret that we can not agree with appellant's contention. The testimony was receivable under the well settled rules laid down by this court. We can not vary the rules governing the reception of evidence upon the hypothesis that in one case it might be more hurtful and in another case less hurtful to the accused.

The motion for rehearing is overruled.

*Overruled.*